CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 29, 2025

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
       DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| TREQUAN DEVONTE JAMES, | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00787 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WARDEN JEFFREY ARTRIP and | ) | Senior United States District Judge |
| DIRECTOR CHADWICK DOTSON,* | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Trequan Devonte James, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

The events giving rise to this action occurred at Wallens Ridge State Prison (Wallens Ridge) on the morning of November 6, 2023. Compl., ECF No. 1, at 1, 3. As James was getting down from his top bunk, he slipped on the table next to the bed and fractured his right arm. Id. at 3; see also Compl. Attach., ECF No. 1-1, at 1 (treatment form reflecting a fracture of the distal humerus). James claims that the injury "occurred due to the negligence and lack of step ladders" in the cells at Wallens Ridge. Compl. at 3.

After suffering his injury, James requested medical assistance from the floor officers on duty. Id. at 6. When the officers arrived, they directed him to place his hands behind his

---

* Chadwick Dotson became the Director of the Virginia Department of Corrections on September 8, 2023. Therefore, the court will substitute him as a defendant in place of Harold Clarke.

back in order to be handcuffed prior to exiting his cell. Although James objected due to the severity of his arm injury, the officers informed him that he would not receive medical assistance unless he complied with their orders. James alleges that he had no choice but to do so and that his arm was "further[] shifted in order for the officers to apply handcuffs." Id. As a result, James alleges that he "suffered internal bleeding by the time he arrived [at] the infirmary." Id.

James was transported to the infirmary in some form of vehicle. He alleges that the transporting officers "neglected to apply the required security of seatbelt, thus causing [him] to be forced to and from resulting in further pain and anguish." Id.

James filed this action under § 1983 against the Warden of Wallens Ridge and the Director of the Virginia Department of Corrections. He seeks to recover monetary damages against the defendants in their individual and official capacities for alleged violations of the Eighth Amendment to the United States Constitution. See id. at 1–2. He claims that the defendants violated the Eighth Amendment by subjecting him to prison conditions that posed a threat to his health and safety. Id. at 2.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016).

### III.    Discussion

James seeks to recover damages under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A.    Official-Capacity Claims

James filed suit against the Warden and the Director in their individual and official capacities. State officials sued under § 1983 in their official capacities are immune from damages liability under the Eleventh Amendment. See Fauconier v. Clarke, 966 F.3d 265, 279–80 (4th Cir. 2020). "Moreover, whereas 42 U.S.C. § 1983 permits suit against 'every person'

3

who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." Id. Accordingly, the claims for damages against the defendants in their official capacities must be dismissed.

## B.     Individual-Capacity Claims

In order to state a claim against a defendant in his individual or personal capacity, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and alterations omitted). "That is, the official's 'own individual actions' must have 'violated the Constitution.'" Id. (quoting Iqbal, 556 U.S. at 676). Consequently, "a complaint must contain specific allegations of each individual's conduct and state of mind." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023).

In this case, James has attempted to allege violations of the Eighth Amendment, which prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted this prohibition to require prison officials to "provide humane conditions of confinement" and "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Thus, the Eighth Amendment "applies to claims against corrections officials challenging conditions of confinement." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). However, not every injury suffered by an inmate translates into constitutional liability for prison officials responsible for the inmate's safety. Farmer, 511 U.S. at 834.

To state an Eighth Amendment claim based on conditions of confinement, a plaintiff must allege facts sufficient to demonstrate (1) that "the deprivation alleged was, objectively, sufficiently serious," and (2) that "prison officials acted with deliberate indifference." Porter, 923 F.3d at 351, 361 (internal quotation marks and alterations omitted). To satisfy the first requirement, a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the [plaintiff's] exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To satisfy the second requirement, a plaintiff must allege facts sufficient to show that the defendant actually "knew of and disregarded an excessive risk to inmate health or safety." Porter, 923 F.3d at 361 (internal quotation marks and alterations omitted). This is an "exacting standard," which is not met by "mere negligence." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

Applying these principles, the court concludes that the complaint fails to state a plausible Eighth Amendment claim against either of the named defendants. To the extent James seeks to hold the defendants liable for failing to provide ladders in the cells at Wallens Ridge, he does not allege that he ever complained of or let the defendants know that he was having difficulty climbing on or off his top bunk. Nor does he allege that either of the defendants had knowledge of any other inmates experiencing similar problems as a result of not having access to a ladder. At most, the complaint suggests that the defendants acted negligently by not installing ladders or other safety equipment on the bunkbeds at Wallens Ridge. See Compl. at 3 (alleging that his injury "occurred due to the negligence and lack of step ladders"). As indicated above, however, mere negligence is insufficient to state a claim

5

under the Eighth Amendment. Jackson, 775 F.3d at 178; see also Jones v. Cnty. Jail C.F.C.F.,
610 F. App'x 167, 169 (3d Cir. 2015) (affirming the dismissal of an Eighth Amendment claim
where the complaint, at its most generous reading, "alleged mere negligence, and not deliberate
indifference in [the correctional facility's] failure to provide a step-ladder" for a top bunk).

The complaint also fails to state a claim against the defendants in their individual
capacities based on the actions of the officers responsible for handcuffing James and
transporting him to the infirmary without a seatbelt. Government officials may not be held
liable for the conduct of their subordinates under a theory of respondeat superior or vicarious
liability. Iqbal, 556 U.S. at 676. Instead, "a plaintiff must plead that each Government-official
defendant, through the official's own individual actions, has violated the Constitution." Id.
James's allegations against the Warden and the Director do not satisfy this pleading
requirement. He does not allege that either defendant played any role in requiring him to be
handcuffed despite having a fractured arm or in transporting him to the infirmary without a
seatbelt. Because the complaint does not identify any actions that the defendants personally
took or failed to take, it fails to state a claim against them in their individual capacities. Id.; see
also King, 76 F.4th at 269; Williamson, 912 F.3d at 171.

## IV.    Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed
under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. In
light of the court's decision, James's motion to transfer custody, ECF No. 7, and his request
for service of process on the defendants, ECF No. 11, will be denied as moot. An appropriate
order will be entered.

Entered: April 28, 2025

Michael F. Urbanski
U.S. District Judge
2025.04.28
17:00:22 -04'00'

Michael F. Urbanski
Senior United States District Judge